UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 4:17-cr-00015-DCN |
| vs. | **MEMORANDUM AND ORDER** |
| JASON JOHN HOTTEL, | |
| Defendant. | |

## I.    DISCUSSION

Before the Court is Defendant Jason John Hottel's Motion for Clarification. Dkt. 31. Hottel pled guilty to the charge of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced on February 12, 2018, to 46 months imprisonment to be followed by 3 years of supervised release. Dkts 27, 29. The sentence was ordered to run concurrently with Hottel's term of imprisonment for his state conviction for possession of a controlled substance. *Id.*

Hottel effectively requests that the Court instruct the Bureau of Prisons to grant him credit for his time served in county jail. Dkt. 31. Hottel claims that the Court stated during his sentencing that he would receive credit for the time he served in county jail but that the Bureau of Prisons has failed to do so. It is unclear if Hottel meant that the Court promised him that he would receive credit for the time he was imprisoned in county jail prior to his sentencing ("time served") or credit for time he was imprisoned in county jail after his sentencing (concurrent sentencing) or both. The Court will address each possibility.

If a court orally recommends that a defendant be credited for time served prior to sentencing, but that recommendation is not reflected in the judgment, a court may amend the judgment pursuant to Federal Rule of Criminal Procedure 36. The Court has reviewed the sentencing transcript[1] and found no record of an oral recommendation that Hottel receive credit for time served in county jail prior to sentencing. Accordingly, it declines to amend the Judgment.

A district court has the authority to order a federal sentence to run concurrently with an anticipated state sentence. *See* 18 U.S.C. § 3584; *United States v. Montes-Ruiz*, 745 F.3d 1286 (9th Cir. 2014) (federal sentencing court has the authority to "resolve the concurrent/consecutive issue for a state sentence whether the sentence has already been imposed or is merely anticipated."). However, case law makes clear that the Bureau of Prisons, not the sentencing court, must calculate credit for time served in the first instance. *See United States v. Wilson,* 503 U.S. 329, 333–34 (1992) (holding that § 3585(b) does not authorize a district court to compute credit for time served); *Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 132 S. Ct. 1463 (2012) ("Once the district court has discharged its sentencing function, the defendant is committed to the custody of the [Bureau of Prisons], which has the authority to calculate the defendant's sentences in accordance with the district court's orders, as well as to designate the facility for service of such sentences."); *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) ("[T]he prerogative to grant credits in the first instance [under

---

[1] The Court reviewed an unofficial sentencing transcript. If they so desire, parties may request an official transcript.

§ 3585(b)] rests with the Attorney General, acting through the Bureau of Prisons.").

If a defendant contends that the Bureau of Prisons has incorrectly computed his sentence, the district court has authority to grant a writ of habeas corpus if the defendant is a prisoner in custody under or by color of the authority of the United States. 28 U.S.C. § 2241(c)(1). However, he must exhaust his administrative remedies prior to bringing the matter before a court. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.") (internal citations omitted); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their administrative remedies prior to bringing a writ of habeas corpus in federal court.").

There is no evidence that Hottel has exhausted his administrative remedies with regards to the Bureau of Prison's computation of Hottel's time-served in state custody after his federal conviction. Accordingly, the Court will deny the motion without prejudice.

## II.    ORDER

IT IS HEREBY ORDERED:

1.    Defendant's Motion for Clarification (Dkt. 31) is **DENIED**.

DATED: February 3, 2020

David C. Nye
Chief U.S. District Court Judge